JOS. SCHLITZ BREWING COMPANY,
Plaintiff,

v.

SECURITIES AND EXCHANGE COMMISSION, et al., Defendants.

Civ. A. No. 81–1491.

United States District Court,
District of Columbia.

Feb. 26, 1982.

Willkie, Farr & Gallagher, Anthony F. Phillips, Stephen I. Danzansky and Philippe M. Salomon, New York City, for plaintiff.

Richard Humes, Theodore S. Bloch, Washington, D. C., for defendants.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

The plaintiff seeks to have the Court prevent the disclosure of certain documents submitted by it to the Securities and Exchange Commission (SEC) during the course of a formal investigation of the plaintiff. The case is now before the Court on defendant's motion to dismiss the complaint and the appeal of Peter Hand Brewing Co. from an Order of the Magistrate denying its motion to intervene.

### I

Briefly, the underlying facts are as follows: On August 19, 1975, SEC issued a formal order of investigation authorizing its staff to investigate the plaintiff to determine whether the plaintiff had made certain payments to its wholesalers in violation of the federal securities laws. During the course of that investigation, SEC obtained numerous documents from the plaintiff and various witnesses. As a result of that investigation, on April 7, 1977, SEC filed a civil law enforcement action against plaintiff in this district alleging violations of the anti-fraud and reporting provisions of the federal securities laws in connection with alleged illegal payments made by plaintiff. That case was subsequently transferred to the United States District Court for the Eastern District of Wisconsin. *SEC v. Jos. Schlitz Brewing Co.,* Civil No. 77–C–497 (ED Wis.). The case was settled in July 1978 when the court approved a final consent judgment. Compl. Exhibit A. Under the terms of the Consent Judgment, SEC

has until June 29, 1982, to apply for such relief as may be necessary or appropriate if Schlitz fails to comply with the terms of the settlement and the Consent Judgment. There is no suggestion in the record that plaintiff has violated any of the conditions of the settlement or Consent Judgment or that SEC contemplates initiating any action pursuant to the Consent Judgment.

The United States Department of Justice (Justice) requested access to the SEC file on plaintiff and requested SEC not to disclose the file under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Later, in 1980, Justice determined that it had no further enforcement interest in the file and SEC notified plaintiff that no other government agency had a further enforcement interest. Compl. Exhibit B.

Several actions are now pending in which various persons have sought to obtain copies of the documents submitted by plaintiff to SEC. In one, Peter Hand Brewing Company (Peter Hand) has filed a suit against plaintiff alleging violations of the federal antitrust laws. *Peter Hand Brewing Co. v. Jos. Schlitz Brewing Co.,* Civil No. 78–C–3699. In a second action, *The Wall Street Journal* has filed an action seeking to obtain access under the FOIA to all records in the possession of the SEC concerning illegal or questionable payments made by United States corporations, including plaintiff. *Dow Jones and Company, Inc. v. SEC,* Civil No. 79–1238 (D.D.C.) (pending before this Court). In yet another suit, Peter Hand has filed an FOIA claim for the plaintiff's documents. *Peter Hand Brewing Co. v. SEC,* Civil No. 81–1991 (D.D.C.) (pending before this Court).

SEC now seeks to dismiss this case on the grounds that the plaintiff has failed to exhaust its administrative remedies, that the Court lacks jurisdiction over plaintiff's second, third, eighth and ninth causes of action and that the plaintiff has failed to state any claim upon which relief may be granted. In its reply memorandum in support of its motion to dismiss, SEC now takes the position that plaintiff has waived

its right to assert Exemption 4 of the FOIA or to claim protection under the Trade Secrets Act, 18 U.S.C. § 1905.

The Court concludes that Peter Hand's appeal from the Magistrate's Order should be denied. The Court also concludes that this case should be dismissed.

## II

Originally, in support of its motion to dismiss, SEC argued that one grounds for granting the motion was the failure of the plaintiff to exhaust its administrative remedy. This argument was based on the fact that the plaintiff, while contending that the documents were exempt from disclosure pursuant to FOIA Exemption 7, 5 U.S.C. § 552(b)(7) (relating to investigative records compiled for law enforcement purposes) did not assert any claim for exemption under FOIA Exemption 4, 5 U.S.C. § 552(b)(4) (trade secrets and commercial or financial information). Since it appeared that the plaintiff intended to assert such a claim, SEC argued that the plaintiff had not exhausted its administrative remedy since all claims had been presented and considered by the agency. However, in its opposition to the motion to dismiss, the plaintiff takes the position that it has exhausted its administrative remedy and further contends that SEC allowed very little time for plaintiff to assert any Exemption 4 claim. Plaintiff, in opposing the motion, has made no proffer of facts suggesting that it intends to assert an Exemption 4 claim.

■ The plaintiff is entitled to ask the Court to review the agency determination that disclosure is not prohibited under any of the exemptions provided by FOIA. *Chrysler Corp. v. Brown,* 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979); *Dresser Industries, Inc. v. United States,* 596 F.2d 1231 (5th Cir. 1979). Such a review is undertaken pursuant to Section 10(e) of the Administrative Procedure Act, 5 U.S.C. § 706, and the question is whether the action of the agency was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law".

■ Turning to the plaintiff's claim that the documents are exempt from disclosure pursuant to Exemption 7, the Court concludes that the plaintiff has failed to present sufficient grounds to SEC in support of the claimed exemption. The agency, in accordance with its rules, afforded the plaintiff an opportunity to submit its request, but for whatever reason the plaintiff has neglected or refused to support its exemption claim. It seems fair to require a private party, seeking to have the government assert an exemption, demonstrate some justification for that claim. If the government attempted to assert a claim for exemption based upon the explanation made to date by the plaintiff, that claim would be denied.

The plaintiff argues that it is not required to present particularized claims of confidentiality under the holding of *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 234, 98 S.Ct. 2311, 2323, 57 L.Ed.2d 159 (1978); but, that is not the issue here. *Robbins* does not stand for the principle that a party claiming exemption from disclosure need only present a bald claim without more; rather it holds that in asserting an Exemption 7 claim, it is not necessary for the Court to review each document *in camera* or that it be demonstrated that each witness' statement has been examined to determine whether disclosure would interfere with law enforcement proceedings. 437 U.S. at 224, 98 S.Ct. at 2318. It is noted that a simple representation under the facts in *Robbins* would have been stronger than the representation here because that case involved a continuing investigation. Here, both SEC and Justice have announced that they have no further law enforcement interest in the documents. Plaintiff has failed to demonstrate that the release of the information would interfere with enforcement proceedings, deprive a person of a right to a fair trial or an impartial adjudication or constitute an unwarranted invasion of personal privacy. *See* 5 U.S.C. § 552(b)(7)(A), (B) and (C). Moreover, the plaintiff lacks standing to assert a claim under the Privacy Act, 5 U.S.C. § 552a.

See *Dresser Industries, Inc. v. United States, supra,* 596 F.2d at 1237.

After reviewing the Exemption 7 claim made by the plaintiff and the action by the SEC, the Court concludes that the agency action was neither arbitrary nor capricious. The plaintiff simply presented no support for its request for exempt status. Moreover, there is no reason to believe on the record of this case that SEC would not have requested exemption if it determined that such action was warranted.

As to any claim made under Exemption 4, the Court agrees that the plaintiff has waived such a claim for several reasons: First, the plaintiff is well aware of its right to assert an Exemption 4 claim and has yet to do so. Second, SEC as early as April 22, 1981, requested the plaintiff to advise whether it intended to assert an Exemption 4 claim and stated that "[i]n particular, it is frequently difficult for the FOIA Officer or the Commission to know whether Exemption 4 properly applies to requested information." Compl. Exhibit H. That request by SEC was reasonable and timely but plaintiff never responded. Third, plaintiff has also had since the date the suit was filed to assert an Exemption 4 claim. Fourth, the plaintiff has yet to assert an Exemption 4 claim. Plaintiff has had ample opportunity to assert a claim for trade secrets or confidentiality but has failed to file an appropriate claim. Thus, the Court concludes that it has waived that right. What has been said for Exemption 4, applies equally to any claim under 18 U.S.C. § 1905.

Plaintiff contends that the documents cannot be released until at least June 29, 1982, the last date upon which SEC can apply to the court in the Eastern District of Wisconsin for relief. *See* Compl. Exhibit A. Both SEC and Justice have reviewed the case and represent that they no longer have a law enforcement interest in the documents. Moreover, there is no reason to believe that plaintiff will violate the Consent Judgment. Accordingly, the Court concludes that the Consent Judgment is no bar to the immediate release of the documents.

Finally, the plaintiff argues that Fed.R.Crim.P. 6(e) prevents release of copies of documents which were submitted to the Grand Jury. This Court disagrees. The fact that a document may have been submitted to the Grand Jury does not mean that a copy of the document cannot be released under the FOIA since such a release in no way affects the secrecy of the Grand Jury proceedings. The fact that the document is one submitted to the Grand Jury should not be revealed to the requestor, and thus the secrecy of the Grand Jury is protected. Of course, any documents which are generated by the Grand Jury proceedings, such as a transcript of a witness' testimony, fall within the protection of Rule 6(e) and should not be released under the FOIA. Rather, the procedure outlined in *Douglas Oil Company of California v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979) should be followed.

The Court concludes that the plaintiff has failed to state a claim upon which relief may be granted and accordingly, defendants' motion to dismiss should be granted.

An appropriate order has been entered.