RYDER, Acting Chief Judge.
The Tribune Company (the Tribune) appeals from a final order denying it access to investigative records held by three agencies of the state and Hillsborough County. The question presented for our review involves the sometimes competing notions of grand jury secrecy, the public’s right of access to public records and the right of individuals wrongfully accused of committing crimes to have their records sealed *758 from public inspection. In certain cases, the public’s right to view public records may be outweighed by either the need to maintain secrecy in grand jury proceedings or the limited statutory right to seal one’s criminal records. In this case, however, the records requested do not fall within the parameters of the sealing statute and the Tribune’s request is phrased so as not to invade the province of the grand jury. We, therefore, reverse.
Judge Guy W. Spicola, Chief Judge, Thirteenth Judicial Circuit, became the target of investigations by the Hillsborough County Sheriff's Office and the state attorney for the Thirteenth Judicial Circuit in September 1987. The investigations occurred in response to allegations that Judge Spico-la had engaged in illegal wiretapping, insurance fraud, the improper use of a judicial assistant for his own personal matters and the submission of incomplete financial disclosure statements. The investigations eventually culminated in a grand jury probe of Judge Spicola.
State Attorney Ed Austin of the Fourth Judicial Circuit was appointed special prosecutor to lead the grand jury investigation. The two detectives who had conducted the Hillsborough County Sheriff’s Office investigation were assigned to assist Mr. Austin. After hearing testimony from forty-seven witnesses and reviewing the various criminal allegations against Judge Spicola, the grand jury returned a no true bill. Judge Spicola then moved to seal all records in the matter pursuant to section 943.058, Florida Statutes (1987), concerning the sealing or expunction of criminal history records. Circuit Judge Oliver L. Green, Jr. entered an oral order granting Judge Spico-la’s motion and sealing all records in the case.
A news reporter for the Tribune, Ivan Hathaway, orally requested the investigative records concerning Judge Spicola in the possession of Bill James, the state attorney for the Thirteenth Judicial Circuit, Hillsborough County Sheriff Walter Heinrich and chief assistant state attorney John Delaney of Mr. Austin’s office. Each agency contacted by Hathaway denied access to the requested records, citing Judge Green’s oral order as encompassing their investigative files. The Tribune then filed motions to intervene in the matter and to clarify the scope of Judge Green’s order. After a hearing on the Tribune’s motions, Judge Green entered a written order granting Judge Spicola’s motion to seal and a separate order sealing the records. The order granting the motion to seal states that Judge Spicola comes within the category of persons considered for relief under section 943.058 and the investigative records in question are “criminal history records” within the contemplation of the statute. The Tribune timely appealed.
Section 943.058(2), Florida Statutes (1987), provides that a trial court may, under certain circumstances, order the sealing or expunction of “criminal history” information or records. The term “criminal history information” is defined in section 943.-045(4) as information collected by a criminal justice agency consisting of “identifiable descriptions and notations of arrests, detentions, indictments, informations and other formal criminal charges and the disposition thereof.” Judge Spicola had not been arrested and no indictment, information or other formal criminal charge had been filed against him. Judge Green, however, in finding that the records requested by the Tribune fall within the category of “criminal history” records, concluded that Judge Spicola had been “detained,” in that “an initiation of a criminal proceeding by criminal justice agencies occurred.”
We disagree with Judge Green’s rather broad formulation. In our view, the word “detentions,” as used in section 943.-045(4), contemplates some form of physical limitation. There is no evidence that Judge Spicola was physically detained and we fail to see how he was detained, except perhaps in a metaphysical sense, as a result of the investigation. Judge Green, therefore, erred in drawing Judge Spicola’s records into the category of “criminal history information” eligible for sealing under section 943.058. To the contrary, the records requested by the Tribune clearly constitute “criminal investigative information,” sepa *759 rately defined in section 943.045(6) as information compiled by a criminal justice agency during the course of an investigation of an identifiable person or group and of a specific crime, including “information derived from laboratory tests, reports of investigators, informants, or any type of surveillance.” The sealing or expunction statute, applicable to criminal history information but not to criminal investigative information, was not intended to offer relief to those persons who, like Judge Spicola, have merely been investigated. See § 943.0575, Fla.Stat. (1987) (“[njothing in [Chapter 943] shall be construed to restrict or condition public access to records as provided by s. 119.07”).
Having determined that Judge Spicola’s records cannot be statutorily sealed, we would ordinarily have no difficulty in allowing them to be subjected to public scrutiny pursuant to chapter 119, Florida Statutes (1987) (the Public Records Act). See § 119.07(l)(a), Fla.Stat. (1987). Denial of access by the three agencies involved would be improper, because no express exemption to disclosure exists. Section 119.-07(3)(d) does exempt “[ajctive criminal intelligence information and active criminal investigative information.” However, such information remains exempt only so long as the investigation is “active.” Criminal investigative information is considered “active” only when “it is related to an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future.” § 119.011(3)(d)2, Fla.Stat. (1987). Here, no good faith anticipation of securing an arrest or prosecution exists in light of the grand jury’s return of a no true bill and the absence of any new evidence in the case. Therefore, the active criminal investigation exemption to disclosure does not apply. We also note that none of the investigatory agencies premised their refusal to allow public access to Judge Spico-la’s records on this exemption.
What prevents us from therefore almost summarily concluding that the records should be open to public view is the spectre of grand jury secrecy. See §§ 905.-24-905.27, Fla.Stat. (1987). Judge Spicola asserts that the investigative files requested by the Tribune may not be viewed without violating the sanctity of the grand jury, since they have been inextricably intertwined with grand jury records. The Tribune, however, maintains that it has never sought access to grand jury generated information and has always limited its requests to encompass only the raw investigative files created and maintained by the three governmental agencies outside of and apart from the grand jury investigation and proceedings.
Since no in camera inspection of Judge Spicola’s files has been undertaken, we cannot say whether or not the requested investigative records have, in fact, been intertwined to some degree with grand jury records. It is clear to us, however, that there exist investigative records relating to investigative efforts by the state attorney for the 13th Judicial Circuit and the Hills-borough County Sheriff’s Office, occurring before the grand jury probe of Judge Spico-la began, that are separate or separable from records of the grand jury investigation and proceedings. These records are subject to public inspection and we cannot allow the governmental agencies involved to avoid disclosure merely by transferring them away. See Tribune Co. v. Cannella, 438 So.2d 516, 523 (Fla. 2d DCA 1983), quashed on other grounds, 458 So.2d 1075 (Fla.1984), appeal dismissed sub nom. Deperte v. Tribune Co., 471 U.S. 1096, 105 S.Ct. 2315, 85 L.Ed.2d 835 (1985).
Nor can we allow the grand jury to become a sanctuary for records which are otherwise accessible to the public. The mere fact that the documents have been presented to a grand jury does not, in and of itself, cloak them in a permanent state of secrecy. In the Matter of Petitions for Disclosure of Documents Subpoenaed by Grand Jury from Sack, 617 F.Supp. 630 (S.D.Fla.1985). It has been held that the disclosure of information obtained from a source independent of grand jury proceedings, such as a prior government investigation, does not violate Federal Rule of Criminal Procedure 6(e), providing for secrecy of *760 federal grand jury proceedings. In re Grand Jury Investigation, 610 F.2d 202, 217 (5th Cir.1980). See also Joseph Scklitz Brewing Co. v. Securities and Exchange Commission, 548 F.Supp. 6 (D.D.C.1982). In In re Grand Jury Investigation of Ven-Fuel, 441 F.Supp. 1299 (M.D.Fla.1977), the court stated that the grand jury secrecy rule should not insulate from disclosure all information viewed by a grand jury. Id. at 1302. The court noted that the purpose of the grand jury secrecy doctrine is to prevent disclosure of the way in which information was presented to the grand jury, the specific questions and inquiries of the grand jury, the deliberations and vote of the grand jury, the targets upon which grand jury suspicion focuses and specific details of what took place before the grand jury. Id. at 1302-03. The court emphasized that once the grand jury proceeding concludes, the interest in secrecy decreases. Id. at 1308.
The Tribune has phrased its request so as to avoid compromising grand jury secrecy. Disclosure of the complete raw investigative files in the hands of the three agencies here involved will neither impede the grand jury process nor hint at the substance of that body’s deliberations. In contrast, any partial disclosure of the information sought would reveal, by exclusion, the items considered by the grand jurors. Therefore, we remand this case to the trial court with directions to enter an order requiring the three agencies involved to provide the Tribune and other members of the public access to all investigative records regarding Judge Spicola compiled independently of and prior to the date of the grand jury’s initial inquiry into the subject allegations regarding Judge Spicola, and all other public records in this matter not subject to a valid exemption.
Reversed and remanded with directions.
THREADGILL and PARKER, JJ., concur.