PER CURIAM.
The state challenges the trial court’s order sealing appellee’s court records and criminal history records concerning offenses to which appellee had pled nolo con-tendere in 1987. We affirm in part and reverse in part.
We agree with the state that the order regarding appellee’s court or judicial records failed to include the necessary constitutional findings to justify sealing. State v. P.D.A., 618 So.2d 282 (Fla. 2d DCA 1993) (on motion for clarification).
However, regarding appellee’s nonjudicial criminal records, we do not agree with the state that the order was overly broad. The state, relying upon the definition of criminal history information in section 943.-045(4), takes the position that only “rap sheets” constitute nonjudicial records subject to sealing under section 943.058. Thus, according to the state, records such as police reports, affidavits, and witness statements should not be sealed. We disagree because the broad language of 943.-058(2) states that “the courts may order the sealing or expunction of any other criminal history record.” (Emphasis added.)
*9 Affirmed as to nonjudicial criminal records, reversed as to judicial records, and remanded for proceedings consistent herewith.
DANAHY, A.C.J., and SCHEB, JOHN M., Senior Judge, concur.
ALTENBERND, J., concurs specially.