Chief Jim Farley Crystal River Police Department 123 Northwest Highway 19 Crystal River, Florida 34428
Dear Chief Farley:
You have asked for my opinion on substantially the following questions:
1. Pursuant to section 943.0585, Florida Statutes, what information collected by a municipal police department during the course of a criminal investigation is subject to expunction?
2. May criminal history information or records that are the subject of a judicial expunction order be maintained in a sealed file by a law enforcement agency?
In sum:
A law enforcement agency that has been ordered to expunge criminal history information or records should physically destroy or obliterate information consisting of identifiable descriptions and notations of arrests, detentions, indictments, informations, or other formal criminal charges and the disposition of those charges. However, criminal intelligence information and criminal investigative information do not fall within the purview of section 943.0585, Florida Statutes.
You have read Attorney General Opinion 00-16 and have requested additional consideration of the issue of what information developed by a law enforcement agency during the course of a criminal investigation is subject to expungement. Attorney General Opinion 00-16 concludes that information formalizing a petitioner's criminal history, such as an arrest, detention, indictment, information, or other formal criminal charge, and the disposition thereof, would be subject to expungement under section 943.0585, Florida Statutes. Examples of the types of information which concern you are an initial field report of a crime by a road patrol officer that may help to identify a suspect by physical or vehicle description; supplemental investigative follow-ups that may identify the person arrested; and copies of witness statements.
Section 943.0585, Florida Statutes, provides that a trial court may, under certain circumstances, order the expunction of "criminal history" information or records. The term "[c]riminal history information" is defined in section 943.045(4), Florida Statutes, to be:
"[I]nformation collected by criminal justice agencies on persons, which information consists of identifiable descriptions and notations of arrests, detentions, indictments, informations, or other formal criminal charges and the disposition thereof. The term does not include identification information, such as fingerprint records, if the information does not indicate involvement of the person in the criminal justice system."
A "[c]riminal history record" is "any nonjudicial record maintained by a criminal justice agency containing criminal history information."[1]
Thus, it is criminal history information that may be the subject of an expungement order.
Several other types of information that may be collected by criminal justice agencies are referred to in Chapter 943, Florida Statutes. Section 943.045(5), defines "[c]riminal intelligence information" as "information collected by a criminal justice agency with respect to an identifiable person or group in an effort to anticipate, prevent, or monitor possible criminal activity." In addition, "[c]riminal investigative information" is defined as:
"[I]nformation about an identifiable person or group, compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific criminal act or omission, including, but not limited to information derived from laboratory tests, reports of investigators, informants, or any type of surveillance."[2]
Neither criminal intelligence information nor criminal investigative information is included within the scope of section 943.0585, Florida Statutes, as material that may be the subject of a judicial expunction order.[3] Section 943.0585, Florida Statutes, specifically makes "criminal history" information or records subject to expunction. Thus, law enforcement records that may contain personally identifiable information may be outside the scope of an expunction order. Section943.0575, Florida Statutes, specifically states that the provisions of Chapter 943, Florida Statutes, should not be construed to restrict or condition public access to public records.
In a case where a law enforcement agency has questions about the scope of a judicial expunction order, further clarification by the court may be necessary.[4] This office may not undertake to pass on the nature of particular records that may be held by a local law enforcement agency. Rather, the legal advisor for that agency should review the record involved and the expunction order and determine the appropriate action to take.
Section 943.0585(4), Florida Statutes, provides for the effect of criminal history records expunction:
"Any criminal history record of a minor or an adult which is ordered expunged by a court of competent jurisdiction pursuant to this section must be physically destroyed or obliterated by any criminal justice agency having custody of such record; except that any criminal history record in the custody of the department must be retained in all cases. A criminal history record ordered expunged that is retained by the [Florida Department of Law Enforcement][5] is confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution and not available to any person or entity except upon order of a court of competent jurisdiction. A criminal justice agency may retain a notation indicating compliance with an order to expunge."
The definition of "[e]xpunction of a criminal history record" contained in section 943.045(13), Florida Statutes, clearly recognizes that these records must be obliterated or physically destroyed:
"Expunction of a criminal history record" means the court-ordered physical destruction or obliteration of a record or portion of a record by any criminal justice agency having custody thereof, or as prescribed by the court issuing the order, except that criminal history records in the custody of the department must be retained in all cases for purposes of evaluating subsequent requests by the subject of the record for sealing or expunction, or for purposes of recreating the record in the event an order to expunge is vacated by a court of competent jurisdiction.
You have asked whether criminal history records that have been ordered expunged may be maintained in a sealed file. Clearly the statute requires the physical destruction or obliteration of records subject to an order of expunction. Section 943.059, Florida Statutes, provides for the sealing of certain criminal history records and, if the police department has been ordered by a judge to seal criminal history records, the procedure in section 943.059, Florida Statutes, should be followed.
In sum, a law enforcement agency that has been ordered to expunge criminal history information or records should physically destroy or obliterate information consisting of identifiable descriptions and notations of arrests, detentions, indictments, informations, of other formal criminal charges and the disposition of those charges. However, criminal intelligence information and criminal investigative information do not fall within the purview of section 943.0585, Florida Statutes. The Florida Department of Law Enforcement has reviewed this opinion and concurs in this conclusion.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 943.045(18), Fla. Stat.
[2] Section 943.045(6), Fla. Stat.
[3] Cf., In re Grand Jury Investigation Spring Term 1988 v. Spicola,543 So.2d 757 (Fla.2d DCA 1989) (In connection with investigation of judge, records relating to investigative efforts of state's attorney and sheriff's office, compiled before grand jury probe of judge began, were separate and separable from records of grand jury investigation and were subject to public inspection.)
[4] See, State v. J.D.E., 622 So.2d 8 (Fla.2d DCA 1993), in which the court noted that a judge "may order the sealing or expunction of anyother criminal history record" and reading that grant of power broadly to include records outside a narrow reading of "criminal history information."
[5] See, s. 943.02(1), Fla. Stat., defining "Department" to mean the Florida Department of Law Enforcement.