Dear Mr. Preston:
 On behalf of the New Smyrna Beach Utilities Commission, you ask substantially the following question:
 Are records of the New Smyrna Beach Utilities Commission that are furnished to the Florida Department of Law Enforcement in the course of a criminal investigation by the department exempt as criminal intelligence or criminal investigative information pursuant to section 119.071(2)(c)1., Florida Statutes?
The Utilities Commission for the City of New Smyrna Beach (UC) was created by the city charter as a separately governed entity of the city.[1] According to your letter, in the fall of 2004 the Florida Department of Law Enforcement (FDLE) initiated a criminal investigation into the activities and actions of the UC and specifically two of its former directors. You state that the investigation is ongoing and remains active. During the investigation, FDLE has requested review of various UC documents and has gained access to personnel and records. In addition, FDLE has requested information from the accounting firm that serves as the UC's auditors and a private forensic auditor hired by the UC for its own investigation of improper conduct.
The question presented in the instant inquiry is not whether the records requested are public records,[2] but whether they are exempt from disclosure as criminal intelligence information or criminal investigative information.[3] It has generally been held that the exemption for active criminal intelligence or investigative information does not exempt public records from disclosure simply because they are transferred to a law enforcement agency.[4] For example, in Attorney General Opinion 88-25, this office concluded that public records compiled and maintained by the Office of the Capital Collateral Representative were not transformed into active criminal investigative information by merely transferring the records to FDLE. Similarly, in Attorney General Opinion 92-78 this office stated that otherwise disclosable public records of a housing authority were not removed from public scrutiny simply because the records were subpoenaed by and transferred to the state attorney's office.
In Attorney General Opinion 01-75, this office recognized that the exemption for active criminal intelligence and investigative information does not exempt other public records from disclosure simply because they are transferred to a law enforcement agency and a public agency may not, therefore, avoid disclosure of its public records by asserting that the records in question have been transferred to a law enforcement agency. However, this office has also recognized that the Public Records Act cannot be used to elicit exempt or confidential material. Thus, this office stated that the exemption for active criminal investigative information may not be subverted by making a public records request for all public records gathered by a law enforcement agency in the course of its investigation; to permit such requests would negate the purpose of the exemption.[5]
Moreover, section 119.071(2)(c)2., Florida Statutes, provides in pertinent part:
 "A request of a law enforcement agency to inspect or copy a public record that is in the custody of another agency, the custodian's response to the request, and any information that would identify the public record that was requested by the law enforcement agency or provided by the custodian are exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution, during the period in which the information constitutes criminal intelligence information or criminal investigative information that is active. . . . The law enforcement agency shall give notice to the custodial agency when the criminal intelligence information or criminal investigative information is no longer active, so that the custodian's response to the request and information that would identify the public record requested are available to the public. . . ."
The statement of necessity by the Legislature, in adopting the above exemption, provides:
 "The Legislature finds that the exemption from public-records requirements which is provided in section 119.07(3)(b)2. [now section 119.071(2)(c)2.], Florida Statutes, is a public necessity because criminal investigations are jeopardized if law enforcement requests to inspect or copy a public record, the record custodian's response to such a request, or other information that would identify the records requested are available to the public. Persons who obtain such information may inadvertently or purposefully make the subjects of such investigations aware that an investigation is active. If it is discovered that criminal activity is being investigated, perpetrators of that activity may flee, destroy evidence, evade prosecution, or speed up the timetable for the performance of that illegal activity. Therefore, the Legislature finds that requests of law enforcement agencies to inspect or copy public records that are in the custody of other agencies, as well as the response of the custodian to such a request, and any information that would identify the specific records requested by a law enforcement agency, must be exempt during the period in which the information constitutes criminal-intelligence information or criminal-investigative information that is active."[6]
Thus, while the records of the UC are not exempt merely because they have been submitted to FDLE, section 119.071(2)(c)2., Florida Statutes, exempts FDLE's request to inspect or copy records, as well as the UC's response, or any information that would identify the public record that was requested by FDLE or provided by the UC during the period in which the information constitutes criminal intelligence information or criminal investigative information that is active. Thus, while a request may be made for UC records, such a request may not be phrased, or responded to, in terms of a request for the specific documents asked for and received by FDLE during the course of an active criminal investigation.
Accordingly, I am of the opinion that the records of the New Smyrna Beach Utilities Commission are subject to disclosure even though some of those records may have been provided to the Florida Department of Law Enforcement in the course of a criminal investigation by the department. The utilities commission, however, may not identify which of its records have been provided to FDLE while such records in the hands of the department constitute active criminal intelligence or investigative information.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See Ch. 67-1754, Laws of Fla., as amended. You state that the city exercises oversight of the commission with regard to budgeting, selective contractual obligations and revenue certificates with respect to specified utility obligations.
[2] See s. 119.011(11), Fla. Stat., defining "Public records" to mean "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." And see s.119.011(2), Fla. Stat., defining "Agency" as "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission . . . and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
[3] See s. 119.011(3)(a) and (b), Fla. Stat., respectively defining "Criminal intelligence information" and "Criminal investigative information." And see s. 119.011(3)(d), Fla. Stat., defining "Active."
[4] See, e.g., Tribune Company v. Cannella, 438 So. 2d 516,523 (Fla. 2nd DCA 1983), reversed on other grounds,458 So. 2d 1075 (Fla. 1984), appeal dismissed sub nom. Deperte v. TribuneCompany, 105 S.Ct. 2315 (1985) (law enforcement agency cannot withdraw materials from public scrutiny by deeming another "compilation" to occur simply because it subpoenas such records).And see Sun-Sentinel, Inc. v. Florida Department of Children andFamilies. 815 So. 2d 793 (Fla. 3rd DCA 2002), in which the district court ruled that the trial judge erred when she relied on the active criminal investigation exemption to deny release of Department of Children and Families records relating to a missing child; cf. In re Grand Jury Investigation Spring Term 1988,543 So. 2d 757 (Fla. 2nd DCA 1989) (county and state criminal justice agencies were required to provide public access to all their records compiled independently of and prior to the date of the grand jury's initial inquiry into the subject; fact that the documents in question had been presented to the grand jury did not cloaked them in the secrecy afforded grand jury investigations).
[5] And see City of St. Petersburg v. Romine ex rel.Dillinger, 719 So. 2d 19, 21 (Fla. 2nd DCA 1998) (Public Records Act "may not be used in such a way to obtain information that the legislature has declared must be exempt from disclosure").
[6] Section 2, Ch. 01-364, Laws of Fla. And see Art. I, s.24(c), Fla. Const., providing that the Legislature may for the exemption of records from the requirements of subsection (a) establishing a right of access to public records, "provided that such law shall state with specificity the public necessity justifying the exemption[.]"